**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

**CIVIL ACTION NO.: 16-cv-217 (WOB)**

CATHY MCCOMAS                                              PLAINTIFF

VS.                  **MEMORANDUM OPINION AND ORDER**

WELLS MARKET, et al.                                       DEFENDANT

Cathy McComas filed a civil action against Wells Market, Balbinder Singh Randhawa, Gill Petroleum, LLC., Jeevan Singh, Falmouth BP, LLC, APS1, LLC, Parminder Singh, and Stop N Shop #3 (Doc. 38 at 1-2). She also listed five dbas for Wells Market: New Wells Market, Wells Market LLC, Wells Open Air Food Market, Wells Carry Out, and Stop N Shop #3. She alleges defendants violated portions of the False Claims Act, along with various federal and state wage laws.

This matter is before the Court on Stop N Shop #3's motion for summary judgment against McComas. (Doc 138 at 1). The Court now issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

McComas's initial complaint alleged violations of the False Claims Act against two defendants: Wells Market (and five dbas) and Balbinder Singth Randhawa. (Doc. 154 at 1). She eventually amended the complaint to include Stop N Shop #3, as the alter-ego of Wells Market.[1]

---

[1] The amended complaint also included: Gill Petroleum, LLC; Jeevan Singh; Falmouth BP, LLC; and Parminder Singh. These are all current or former tenants of Stop N Shop #3.

(Doc. 38 at 1). Stop N Shop is a landlord who leases its premises to convenience stores. McComas is a former employee of Wells Market, a previous tenant of Stop N Shop.

According to McComas, Wells Market made false statements to the government to redeem food stamp coupons and Electronic Benefit Transfer Cards. (Doc. 38 at 2-3). In November 2016, McComas provided the Department of Justice with written disclosure of the incidents. (Doc. 38 at 1). This prompted the U.S. Department of Agriculture to investigate McComas's allegations. (Doc. 38 at 2). Because of the investigation, the USDA charged Wells Market with accepting SNAP benefits in exchange for ineligible merchandise. (Doc. 38 at 2). The USDA issued Wells Market a six-month disqualification from food stamp eligibility, but the United State declined to intervene. (Doc. 38 at 2).

McComas's amended complaint fails to allege any false claims submitted by Stop N Shop. (Doc. 38 1-35). Instead, the amended complaint states that Stop N Shop's tenants submitted the claims. McComas tries to link liability to Stop N Shop under an alter-ego theory.

Stop N Shop moved to dismiss, but after oral argument, the Court gave McComas nine months to flesh out her False Claims Act allegations pertaining to Stop N Shop through discovery. (Doc. 138 at 3). The discovery period has long since expired, as well as the extension. After the expiration of the extended discovery request, Stop N Shop filed a motion for summary judgment because the evidence is legally insufficient to establish a violation of the False Claims Act, or that Stop N Shop is the alter ego of its tenants. (Doc. 138). This case was recently before Judge Smith in District Court. Judge Smith issued a memorandum order, which this Court affirmed, limiting discovery requests by McComas to only witness lists. (Doc. 154). Judge Smith even sanctioned McComas's attorney for bad faith.

*Analysis*

Summary judgment is appropriate when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party. *Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). So the nonmoving party must present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The nonmoving party may not simply rely on its pleading but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). That said, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).

1. **False Claims Act**

To sustain a claim under the FCA, McComas must prove each of these elements by a preponderance of the evidence: (1) that Stop N Shop made a claim or statement to get the

Government to pay money on a claim; (2) that the claim or statement was false or fraudulent; and (3) that Stop N Shop knew that the claim or statement was false or fraudulent. *See* 31 U.S.C. § 3729(a)(2) (West 1999).

At a minimum, the FCA requires proof of an objective falsehood. *Hagood v. Sonoma County Water Agency,* 81 F.3d 1465, 1477–78 (9th Cir. 1996). Expressions of opinion, scientific judgments, or statements of conclusions about which reasonable minds may differ cannot be false. *See Wang ex rel. United States v. FMC Corp.,* 975 F.2d 1412, 1420–21 (9th Cir.1992).

An untrue statement, however, is not sufficient by itself to warrant liability under the FCA, the Act also "requires a showing of knowing fraud." *Hagood,* 81 F.3d at 1478. Thus, "statements of claims which are false within the meaning of the FCA must be more than objectively untrue, they must betray or suggest intentional deceit." *Lamers,* 998 F. Supp. at 986–71.

Based on these principles, several federal courts have recognized that summary judgment is properly granted to a defendant in a FCA case when a plaintiff fails to adduce enough evidence from which a reasonable jury could find that the claim at issue was objectively false, or that the defendant acted with the requisite intent. *See, e.g.*, *Lamers,* 168 F.3d at 1019–20; *Hagood,* 81 F.3d at 1477–78; *Northern Telecom,* 52 F.3d at 815–16; *Wang,* 975 F.2d at 1420–21; *U.S. ex rel. Roby v. Boeing Co.,* 100 F. Supp. 2d 619, 625–26 (S.D. Ohio 2000), *aff'd*, 302 F.3d 637 (6th Cir. 2002).

Here, McComas fails to produce even a scintilla of evidence demonstrating Stop N Shop: (1) made a claim or made a statement to get the Government to pay money on a claim; (2) that the claim or statement was false or fraudulent; and (3) that Stop N Shop knew that the claim or statement was false or fraudulent. Instead, McComas relies on instances in which Stop N Shop's

tenants provided ineligible food to SNAP benefit recipients. It is undisputed that Stop N Shop, itself, never submitted any claims to the government for reimbursement. (Doc. 138 at 19). In fact, McComas's attorney prematurely subpoenaed Stop N Shop's bank records, seeking to find some evidence of a claim submission. This led Judge Smith to exclude bank records, e-fund discovery, and other financial records. (Doc. 154 at 26-27). Judge Smith even issued sanctions against McComas's counsel for his behavior— declaring it was in bad faith. (Doc. 154 at 7). As Judge Smith stated,

> This action was initiated against Stop N Shop #3 as a dba of a non-legal entity. Information was acquired on Stop N Shop #3 without notifying it of subpoenas or that Plaintiff was investigating a case against it. The Complaint was then modified in order to aim the qui tam action against it, effectively substituting Stop N Shop #3 in the place of prior defendant Wells Market, who, as it has later come to light, lacks legal standing to be sued.

*Id.*

Despite discovery dragging on for over a year, McComas still finds no evidence linking Stop N Shop to submitting a false claim to the government. Judge Smith's recent issuance of a Memorandum Order, and this Court's affirmance of that order, drastically limited McComas's discovery to only witness lists. There is, therefore, no other avenue McComas has to find evidence that Stop N Shop submitted a false claim to the government. Because there is no evidence Stop N Shop submitted a false claim, even in a light most favorable to McComas, she cannot satisfy every requirement of an FCA claim. Thus, the Court grants Stop N Shop's motion for summary judgment.

### 2. Alter Ego Theory

As noted in *NLRB v. Allcoast Transfer, Inc.,* "th[e] factors relevant to a finding of alter ego status include 'whether the two enterprises have substantially identical management,

5

business purpose, operation, equipment, customers, supervision and ownership.'" 780 F.2d 579 (6th Cir. 1986) (quoting *Nelson Electric v. NLRB,* 638 F.2d 965, 968 (6th Cir.1981)); *Trustees of Detroit Carpenters Fringe Benefit Funds v. Industrial Contracting, LLC,* 581 F.3d 313, 315 (6th Cir. 2009). The alter ego doctrine "was developed to prevent employers from evading obligations under the Act merely by changing or altering their corporate form." *Allcoast Transfer,* 780 F.2d at 579.

McComas believes Stop N Shop is the alter ego of its tenants. That is simply false—and impossible. In McComas's response, she fails to cite to this Circuit's well-established caselaw. Instead, she relies on one Kentucky Supreme Court case and a Seventh Circuit opinion. McComas cannot point to any evidence that the tenants and Stop N Shop had "substantially the same identical management, business purpose, operation, equipment, customers, supervision and ownership.'" *Id.*

As previously noted, Judge Smith limited discovery on this issue. She stated, "McComas's most compelling pieces of evidence are inadequate to support a finding of control for purposes of discovery production." (Doc. 154 at 11). She then said, "it has been determined that Stop N Shop #3 cannot be compelled to produced documents on behalf of the lessees." (Doc. 154 at 13). The record neither proves nor hints at proving Stop N Shop was a corporation above its tenants. On the contrary, the only thing the record shows is a landlord/tenant relationship.[2]

---

[2] Similarly, McComas also briefly argues that she pleaded FLSA and Kentucky overtime claims against Stop N Shop. But she explicitly admitted to never working for Stop N Shop. She cannot now assert overtime claims against an entity with whom she was never employed and has never sought damages on that claim. Stop N Shop is entitled to summary judgment on this claim, as well.

**3. Jurisdictional Issues with the Public Disclosure Bar.**

The FCA's public disclosure provision, 31 U.S.C. § 3730(e)(4)(A), "limits the subject matter jurisdiction of federal courts over *qui tam* actions based upon previously disclosed information." *Walburn v. Lockheed Martin Corp.,* 431 F.3d 966, 973 (6th Cir.2005). Its Public Disclosure Bar states,

> [n]o court shall have jurisdiction over an [FCA] action. . . based upon the public disclosure of allegations or transactions in a[n]. . . administrative hearing. . . or Government Accounting Office report, hearing, audit, or investigation. . . unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. 3730(e)(4)(a). Additionally, courts consider plaintiffs an "original source" if, before the public disclosure of the information in the complaint, the plaintiff "has voluntarily disclosed to the government the information on which the allegations are transaction in the claim are based." 31 U.S.C. 3730(e)(4)(B)(i).

To determine whether § 3730(e)(4)(A)'s jurisdictional bar applies, a court must consider "first whether there has been any public disclosure of fraud, and second whether the allegations in the instant case are 'based upon' the previously disclosed fraud." *United States ex rel. Gilligan v. Medtronic, Inc.,* 403 F.3d 386, 389 (6th Cir.2005); *see also Walburn,* 431 F.3d at 974 ("In determining whether the jurisdictional bar of § 3730(e)(4) applies to a relator's case, we consider: '(A) whether there has been a public disclosure; (B) of the allegations or transactions that form the basis of the relator's complaint; and (C) whether the relator's action is 'based upon' the publicly disclosed allegations or transactions.'") (quoting *United States ex rel. Jones v. Horizon Healthcare Corp.,* 160 F.3d 326, 330 (6th Cir.1998))). "If the answer is 'no' to [either] of these questions, the inquiry ends, and the *qui tam* action may proceed; however, if the answer to each of the above questions is 'yes,' then we must determine whether the relator nonetheless qualifies as an

7

'original source' under § 3730(e)(4)(B), in which case the suit may proceed." *Walburn,* 431 F.3d at 974; *U.S. ex rel. Poteet v. Medtronic, Inc.,* 552 F.3d 503, 511 (6th Cir. 2009).

Under the FCA, an original source is "an individual: (1) with direct and independent knowledge of the information on which the allegations are based; and (2) who has voluntarily provided the information to the government before filing an action under the FCA which is based upon the information." 31 U.S.C. § 3730(e)(4)(B). As for this second element, the Sixth circuit has clarified that "[i]n addition to the requirement that a relator must have provided information to the government prior to filing her FCA suit, ... a relator must also provide the government with the information upon which the allegations are based prior to any public disclosure." *Jones,* 160 F.3d at 333–34 (citing *McKenzie,* 123 F.3d at 942).

McComas filed her original complaint on December 7, 2016. She provided a written disclosure about these facts to the U.S. Attorney's Office in Kentucky and Washington D.C. (Doc. 1 at 12 and Doc 146 at 23). A year later, she submitted her FOIA requires. (Doc. 45-1). Thus, because she submitted her written disclosure before receiving the FOIA documents, she is considered an original source. Because McComas cannot prove an FCA claim or alter-ego theory, the Court grants Stop N Shop's motion for summary judgment.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that: (1) Stop N Shop #3's motion for summary judgment (Doc. 138) be, and is hereby, **GRANTED**; (2) McComas's FRCP 56(d) motion (Doc. 151) be, and is hereby, **DENIED**; and (3) the remaining defendants shall file a status report **on or before March 31, 2021**, stating whether they intend to file dispositive motions.

This 17th day of March 2021.



Signed By:
*William O. Bertelsman*
United States District Judge

8